Nash, J.
 

 Exception is taken to the charge of the presiding Judge upon the ground, that he erred in his instruction to the jury as to the allottment of No. 2, in the partition, made by the commissioners. After the case on the petition to re-hear had gotten into the Superior Court, the parties agreed to refer the case to the arbitrament of two gentlemen, selected by themselves, to-wit: Messrs. Strange and Holmes, which was made a rule of Court. These referrees, in their award, adjudge, “that the lands of Jno. Anders, Jr., deceased, be and they are hereby divided among the parties, as they were heretofore divided by 'William H. Beattie,” &e. Mr. Beattie and the other persons, mentioned in the award, were the commissioners, appointed by the
 
 County Court, to make
 
 partition of the lands of John Anders, jr., among his heirs, and in their report, the lot No. 3, the one in question, was allotted to
 
 *217
 
 the heirs of Jas. Anders. It is contended by the defendant, that the arbitrators exceeded their authority in making partition of the laud. This may be so, but the objection is not now open to him. The award was returned to the Court, and confirmed by a judgment of that tribunal. As far as the case discloses the fact, the defendant made no opposition, and acquiesced, not only in the report, but in the judgment. Then was the time for him to have made known his objections. That judgment is still in full force and unreversed, and while it continues in force, being a record, it cannot be contradicted, because it imports absolute verity, as to every thing embraced in it. By the judgment of the Superior Court, then, on the award, the lot in question, No. 2, was allotted to the heirs of James Anders.
 

 The defendant further excepts to the charge, because his Honor instructed the jury, if lot No. 2, was allotted to the heirs of James Anders, that the plaintiff was entitled to recover the whole lot. The plaintiff was one of the heirs of Jas. Anders, and claimed to have purchased the shares of all the other heirs. To the conveyances from them, the defendant objected, that he was, at the time of their execution, in the adverse possession of the land. The question was left by his Honor to the jury to ascertain, whether the defendant’s possession was adverse or not; of this the defendant had no right to complain. To the time of the partition made, he was in possession as a tenant in common with the other heirs of John Anders and held the possession for them as well as for himself. The partition, it is true, severed the joint possession, but by itself, it did not make the possession of the defendant adverse. He held over by the suffer? anee of the heirs to whom it was allotted: in which case, notice to him was necessary before he could be converted into a wrongful holder, or make his possession torti?ous. He held the lot No. 2, for the heirs, of James Aff*
 
 *218
 
 ders. In this case we see no evidence of any act done by the defendant, amounting to an actual exclusive, possession, which could give notice, that he intended to keep out all others, nor any act, amounting to a disclaimer of the right of the heirs of James Anders to the lot.
 
 Love v. Edmonson,
 
 1 Ired. 152.
 
 Murry
 
 v.
 
 Shanklin,
 
 4 Dev. and Batt, 291.
 

 The defendant had not such a possession as to reduce the title of the heirs of James Anders to a mere right, and the conveyances by them to the plaintiff, were not void, but transferred to him what right was in them. The demand, stated in the case, was sufficient notice to the defendant, and his refusal to deliver possession, made him a wrong-doer.
 

 Per Curiam. Judgment affirmed.